[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-16015
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2009
THOMAS K. KAHN
CLERK

Agency Nos. A097-923-471,
A097-923-472

ALBERTO EDUARDO VALDERRAMA,
JANIS GABRIELA PEREZ-GARCIA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 3, 2009)

Before TJOFLAT, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Alberto Eduardo Valderrama,[1] a native and citizen of Venezuela represented by counsel, petitions this court to review the decision of the Board of Immigration Appeals ("BIA") affirming the order of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ denied Valderrama's application because he found that Valderrama had not suffered past persecution and did not have a well-founded fear of future persecution if returned to Venezuela.

In his petition, Valderrama primarily argues that the IJ misapplied the law because two BIA cases that the IJ cited are factually distinguishable from this case. Valderrama also argues that: (1) the IJ failed to properly consider the U.S. Department of State Country Report on Venezuela; (2) the IJ gave disproportionate weight to his frequent travel from Venezuela to the United States; and (3) he is eligible for asylum and withholding of removal because the background evidence shows that a Venezuelan group known as the Bolivarian Circles persecutes people who are similarly situated to him.

Where, as here, "the BIA adopts the decision of the Immigration Judge without opinion, we review the decision of the Immigration Judge." Tan v. U.S. Att'y. Gen. 446 F.3d 1369, 1373 (11th Cir. 2006). Factual findings are reviewed

---

[1]  This petition also includes Valderrama's wife: Janice Gabriella Perez Garcia. Valderrama is the lead petitioner; Garcia is a derivative beneficiary.  In this opinion, we refer only to Valderrama.

under the substantial evidence test.  The BIA's decision is due to be affirmed if is supported by reasonable, substantial, and probative evidence on the record as a whole.  Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005).  The BIA's "denial of asylum may be reversed only if the evidence presented by the applicant is so powerful that a reasonable factfinder would have to conclude that the requisite fear of persecution exists."  Zheng v. U.S. Att'y. Gen., 451 F.3d 1287, 1290 (11th Cir. 2006) (emphasis in the original).

The Attorney General or the Secretary of Homeland Security has the discretion to grant asylum to an applicant if he is outside of his country of nationality and "is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  Zheng, 451 F.3d at 1290 (quoting 8 U.S.C. § 1101(a)(42)(A)).  To establish asylum eligibility, an applicant "must, with specific and credible evidence, show (1) past persecution on account of a statutorily listed factor, or (2) a 'well-founded fear' that the statutorily listed factor will cause future persecution."  Zheng, 451 F.3d at 1290.

An applicant who cannot demonstrate past persecution still can obtain asylum if he shows that he has a well-founded fear of future persecution.  De Santamaria v. U.S. Att'y. Gen., 525 F.3d 999, 1007 (11th Cir. 2008) (citing 8

3

C.F.R. § 208.13(b)(2)).  To establish a well-founded fear of future persecution, the applicant must demonstrate that he has: "(1) a subjectively genuine and objectively reasonable fear of persecution that is (2) on account of a protected ground." De Santamaria, 525 F.3d at 1007.  The subjective prong is satisfied "by the applicant's credible testimony that he or she genuinely fears persecution," and the objective prong is satisfied if the applicant establishes that he "has a good reason to fear future persecution." Id..

Persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation.  Sepulveda, 401 F.3d at 1231.  We have held that a single beating did not constitute past persecution or give rise to a well-founded fear of future persecution because the applicant only suffered minor injuries, in the form of bruising, from that beating.  Djonda v. U.S. Att'y. Gen., 514 F.3d 1168, 1174 (11th Cir. 2008).  Likewise, threats alone do not give rise to a persecution-based claim for relief.  Silva v. U.S. Att'y. Gen., 448 F.3d 1229, 1237-39 (11th Cir. 2006).  In addition, an applicant's fear of future persecution is significantly undermined if, at the time of his asylum application, his family members still were alive and unharmed in his country of origin.  Ruiz v. U.S. Att'y. Gen., 440 F.3d 1247, 1259 (11th Cir. 2006).  If the applicant cannot establish asylum eligibility, then that he is likewise ineligible for withholding of removal.  Zheng, 451 F.3d at 1292.

4

As an initial matter, we note that Valderrama's brief does not set forth an argument concerning CAT relief. Therefore, he has abandoned his claim for such relief. See Sepulveda, 401 F.3d at 1228 n.2. Turning to asylum and withholding of removal, Valderrama has not established either past persecution or a well-founded fear of future persecution because, as described in his testimony, apart from alleged vandalism to his car, the only incidents of mistreatment he suffered were: (1) a single beating which resulted in external bruising; (2) a single incident of rocks thrown at his house; and (3) a number of threats being made against him. Under our case law, these incidents do not constitute past persecution, and they do not give rise to a well-founded fear of future persecution. Valderrama's claim of future persecution is further undermined by the fact that his family has remained in Venezuela without problems or harm. Substantial evidence therefore supports the IJ's determination that Valderrama failed to meet his burden of showing past persecution or a well-founded fear of future persecution.

PETITION DENIED.